# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PETER ALLAN, JR., | : | Case No. 3:15-cv-183 |
| Plaintiff, | : | |
| | : | |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

---

## DECISION & ORDER

---

This matter is before the Court on a Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by counsel for Plaintiff Peter Allan, Jr. (Doc. # 17); Defendant Commissioner of Social Security's Response to Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #18); and Plaintiff's counsel's Reply Memorandum. (Doc. #19). For the reasons that follow, the motion is granted.

### Factual & Procedural Background/The Parties' Claims

On May 19, 2015, Plaintiff filed an appeal in this Court from the Commissioner's denial of his application for Social Security Disability Insurance Benefits. (Doc. #1). On September 2, 2016, this Court issued a Decision and Entry vacating the Commissioner's non-disability finding and remanding the matter for

1

further proceedings (Doc. #13). Judgment therefore was entered in Plaintiff's favor. (Doc. #14).

Thereafter, this Court awarded Plaintiff $4,935.63 in attorney's fees under the Equal Access to Justice Act ["EAJA"]. (*See* Doc. #16). However, according to the sworn statement of Plaintiff's counsel attached in support of the current motion, those fees were offset entirely by the amount of Plaintiff's federal debt, and Plaintiff's counsel actually received no fees under the EAJA. (*See* Doc. #17, Exh. 2, Affirmation of Charles E. Binder ("Binder Affid."), β 5).

Following a successful resolution of Plaintiff's claims on remand, his counsel now seeks an attorney fee award under 42 U.S.C. § 406(b) in the amount of $36,207.75, represented to equal 25 percent of the past due benefits Plaintiff was awarded. (*See* Doc. #17). Plaintiff's motion is accompanied by his attorney's sworn statement attesting that his contingency fee agreement with Plaintiff provided for attorney fees of not more than 25 percent of any past due benefits awarded after remand. (*Id.*, Exh. 2, Binder Affid., β 3). Copies of that fee agreement and of counsels' itemized hours expended on this matter also are attached in support of the motion. (*Id.*, Exhs. A and B).

Defendant opposes the amount of fees requested by Plaintiff, asserting that an award in excess of $36,000 "would constitute a windfall," given that Plaintiff's three attorneys together devoted only 26.6 hours to what Defendant characterizes

2

as their "brief and relatively simple" representation of Plaintiff in federal court. (Doc. #18, pp. 2, 7). Plaintiff's reply counters that the federal court representation was more protracted and complex than Defendant suggests, and further argues that a high hypothetical hourly rate is not a valid reason for reducing a fee award below the percentage for which the applicable fee agreement allows. (Doc. #19).

## Applicable Law

Pursuant to 42 U.S.C. § 406(b)(1)(A), a Social Security claimant who receives a favorable judgment in federal court may be awarded reasonable attorney's fees in an amount "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." That fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id.* Successful claimants may be awarded fees under both Section 406 and the EAJA, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Section 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather, "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. "Within the 25 percent boundary, * * * the attorney for the successful

3

claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Fee awards that would amount to a "windfall" are not reasonable. *Id*. at 808 (citing

*Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (*en banc*); *Wells v.*

*Sullivan,* 907 F.2d 367, 374 (2d Cir. 1990)).

The Sixth Circuit Court of Appeals has acknowledged that district courts

have "license to consider the hourly rate represented by an attorney's 25% fee,"

and that "[c]alculating an hourly rate from the fee is one method of determining

whether the attorney would 'enjoy a windfall because of either an inordinately

large benefit award or from minimal effort expended.'" *Hayes v. Sec'y of Health &*

*Human Servs*., 923 F.2d 418, 421-422 (6th Cir. 1990) (quoting *Rodriquez*, 865

F.2d at 746). However, according to that same Court,

> a windfall can never occur when, in a case where a contingent fee
> contract exists, the hypothetical hourly rate determined by dividing
> the number of hours worked for the claimant into the amount of the
> fee permitted under the contract is less than twice the standard rate for
> such work in the relevant market.

*Id*. at 422 (citing *Rodriquez, supra*).

Accordingly, "'a hypothetical hourly rate that is less than twice the standard

rate is *per se* reasonable,'" while "'a hypothetical hourly rate that is equal to or

greater than twice the standard rate *may well be reasonable*.'" *Lasley v. Comm'r of*

*Soc. Sec*, 771 F.2d 308, 309 (6th Cir. 2014) (emphasis added) (quoting *Hayes,* 923

F.2d at 421). "'Reasonableness' remains the heart of the matter." *Pierce*, 2016 WL 1294554, at *2.

### Analysis of Plaintiff's Fee Request

Here, the Commissioner's objection rests primarily on the fact that the sum counsel requests for attorneys' fees would amount to a hypothetical hourly rate of $1,316.19, which the Commissioner characterizes as a "windfall." (Doc. #18, pp. 1-2). Although such an hourly rate admittedly is high, the Court nonetheless determines that the requested fee is reasonable for the services rendered in this matter.

The submitted copy of counsel's written fee agreement with Plaintiff confirms that Plaintiff agreed to pay attorney's fees of up to 25 percent of any past-due benefits awarded. (*See* Doc. #17, Binder Affid., Exh. A). Counsel's affidavit establishes that all of the attorneys who represented Plaintiff in this matter are highly qualified and experienced in the area of social security law. (*See id.*, Binder Affid., ¶¶10-16). In the opinion of this Court, the resulting hourly rate will not amount to the type of attorney "windfall" with which the Supreme Court expressed concern. *See Gisbrecht*, 535 U.S. at 808.

The reply brief notes that counsel's representation of Plaintiff regarding social security benefits continued for a total of eight years (although not all in federal court) and involved extensive briefing in this Court. (Doc. #19, p. 4). Despite decisions within this district that have found attorney fee requests made under 42 U.S.C. § 406(b) to be unreasonable where 25 percent of the plaintiff's past-due benefits would yield an effective hourly rate far in excess of the standard fee rate charged in this jurisdiction, *see, e.g., Hicks v. Comm'r of Soc. Sec.*, No. 1:15-CV-110, 2016 WL 7634457, at *4 (S.D. Ohio Nov. 21, 2016) (Bowman, M.J.), report and recommendation adopted, No. 1:15CV110, 2017 WL 25524 (S.D. Ohio Jan. 3, 2017), in numerous other decisions, judges from this district "have approved hypothetical hourly rates above $700.00." *Lee v. Comm'r, Soc. Sec. Admin.*, No. 3:14-CV-291, 2018 WL 2999909, at *1 (S.D. Ohio June 15, 2018) (citations omitted).

As Judge Walter H. Rice observed in *Lee*, "almost all attorneys who handle social security appeals take these cases solely on a contingency fee basis," and thus "have no documented 'standard' hourly rate." *Id*. at *2. Furthermore, given "the fluctuating, risk-driven nature of contingency fees," *id*. at *3 (quoting *Pierce v. Colvin*, No. 3:10-cv-349, 2016 WL 1294554, at *3 (S.D. Ohio Apr. 4, 2016)), such fees "generally overcompensate in some cases and undercompensate

in others. It is the nature of the beast." *Id.* (quoting *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)).

Given the substantial risk undertaken by attorneys in accepting social security representation on a contingent fee basis, counsel here will not experience a "windfall" simply because the 25 percent contingency fee rate agreed to by Plaintiff will yield a high hourly rate that arguably "overcompensates" counsel in this particular instance. *See id.* The motion for attorneys' fees in the amount of $36,207.75 is well taken.

## Conclusion

**IT THEREFORE IS ORDERED THAT**:

1.   Attorney Grant E. Feldman's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #17) is GRANTED;

2.   Pursuant to 42 U.S.C. § 406(b), Defendant shall remit to counsel for Plaintiff Peter Allan, Jr. attorneys' fees in the amount of $36,207.75, which represents 25 percent of the past due benefits awarded to Plaintiff; and

3.   This matter is TERMINATED on the docket of this Court.

October 21, 2021                                    *s/Sharon L. Ovington*
                                                                   Sharon L. Ovington
                                                                   United States Magistrate Judge